IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEBORAH REARICK,<br>    Plaintiff, | : No. 1:08-cv-1195<br>:<br>: (Chief Judge Kane) |
| v. | :<br>: |
| THE PENNSYLVANIA STATE<br>UNIVERSITY and PENN STATE<br>UNIVERSITY,<br>    Defendants | :<br>:<br>:<br>: |

## MEMORANDUM ORDER

Pending before the Court are Plaintiff's third motion for an extension of time to complete discovery and a motion to compel discovery. (See Doc. Nos. 38, 50.) For the following reasons, the motions will be denied.

In order to gain context for the present motions, a brief review of the procedural background of this case is necessary. The complaint was filed on June 24, 2008, alleging claims under Title VII, 42 U.S.C. § 2000e et seq., and the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. (Doc. No. 1 ¶ 2.) On October 16, 2008, the case was stayed and referred to mediation. (Doc. Nos. 13, 14.) On November 24, 2008, the mediator indicated to the Court that a settlement had been reached. (See Doc. No. 15.) On December 8, 2008, a letter from Plaintiff's original counsel was filed on the docket that informed the Court that Plaintiff had reconsidered and decided not to accept the settlement. (Doc. No. 16.) As a result, the Court held a case management conference on December 17, 2008, during which case deadlines were set. (See Doc. No. 19.) Pursuant to the Court's order, fact discovery was scheduled to close on April 3, 2009. (Id.)

On January 5, 2009, Plaintiff's original counsel sought to withdraw from the case,

1

indicating that he had been discharged from the case by Plaintiff. (Doc. No. 20.) After holding a telephone conference, the Court granted the motion to withdraw, and stayed the proceedings for 30 days. (Doc. No. 23.) Plaintiff's current counsel, Don Bailey, filed his notice of appearance on behalf of Plaintiff on February 12, 2009. (Doc. No. 24.) On February 23, 2009, the Court held a telephone conference which resulted in the Court granting Attorney Bailey's request for a 60-day continuance and resetting the case deadlines. (See Doc. No. 28.) Under the new deadlines, the close of fact discovery was June 3, 2009. (Id.)

On May 4, 2009, Plaintiff filed her first motion for extension of time to complete discovery. (Doc. No. 29.) The motion, which was concurred to by Defendants' counsel, was granted by the Court on May 27, 2009. (See Doc. No. 29, 30.) As a result, the new discovery deadline was set for August 3, 2009. (Doc. No. 30.)

On July 6, 2009, Plaintiff filed her second motion for extension of time to complete discovery. (Doc. No. 32.) Defendants indicated in its response that it was not opposed to an extension of time for discovery, provided that the time limit was a "more modest extension of time than that proposed by Plaintiff" and that "it is clearly understood what discovery activities are to take place during that extension." (Doc. No. 33 ¶ 6.) On July 15, 2009, the Court granted Plaintiff's motion for extension of time until October 3, 2009. (Doc. No. 34.) However, as part of that order, the Court stated that "NO FURTHER EXTENSIONS shall be granted." (Id. (emphasis in original).)

On October 2, 2009, Attorney Bailey filed a motion to stay the case management schedule due to a serious health condition, and Defendants concurred to the motion. (See Doc. No. 35.) In support of the motion, Attorney Bailey averred that several depositions had been

2

cancelled due to the severity of his health condition. (Id. ¶ 2.) Attorney Bailey also stated that he had unsuccessfully attempted to "reach[] the Court about a bona fide discovery dispute regarding the number and the subject of depositions." (Id. ¶ 6.) Attorney Bailey further stated that he "hope[d] to reach the Court in the future to discuss these issues which can hopefully be resolved during the stay . . . ." (Id. ¶ 7.) On October 7, 2009, the Court ordered that the motion to stay for 60 days until December 7, 2009, be granted. (Doc. No. 36.) As a result, the new discovery deadline was set for January 4, 2010. (See Doc. No. 37.)

### A. February 25, 2010 Motion to Extend Discovery

On February 25, 2010–nearly eight weeks after the discovery deadline that was in place had already passed–Attorney Bailey filed yet another motion for extension of time to complete discovery. (Doc. No. 38.) In the motion, Attorney Bailey avers that he attempted to schedule depositions for December 2009 on November 2, 2009. (Id. ¶ 4.) Attorney Bailey then points back to the time "[p]rior to the stay being granted by the Court," when he "attempted to contact the Court with several calls regarding the discovery dispute between the parties which centered on the number of depositions allowed." (Id. ¶ 5.) Attorney Bailey states that he "contacted chambers at least twice to try to schedule a conference call and was told they would get back to him," but that he was "unable to seek Court intervention at that time." (Id.) The motion requests that the deadlines be extended "until May 30, 2010 to complete this large and incomplete case." (Id. ¶ 6.) Attorney Bailey then states that Defense counsel had been "informed . . . of plaintiff's intention to file an additional complaint which will certainly follow if the enlargement is not granted since plaintiff will have no alternative." (Id. ¶ 7.)

The Court finds that, given the latitude afforded to Plaintiff and her counsel to date,

3

another extension is not warranted in this case. The original discovery deadline was set for April 3, 2009, and has already been adjusted to accommodate Plaintiff's counsel four separate times. Reopening discovery yet again would prejudice Defendants by once again delaying the forward progression of this case. Plaintiff has failed to show that she or her counsel were diligent or that they made good use of the many extensions already given to them. Indeed, Plaintiff's current request for an enlargement of time comes nearly eight weeks after the last iteration of the discovery deadline. In addition, the Court notes that Plaintiff provides little to no explanation as to why another extension would be appropriate. Attorney Bailey represents that his telephone calls to court personnel before the last extension of discovery in October 2009 concerning a discovery dispute went unanswered. Yet Attorney Bailey fails to demonstrate how this earlier dispute prevented him from going forward under the latest extension of discovery.[1] The Court might find such an argument persuasive in the context of a plaintiff who exhausted the number of depositions allotted to her and then timely sought an extension to seek further pertinent discovery. That is not the case here. Rather, it appears that Plaintiff and Attorney Bailey failed to diligently use the time that had been afforded them, sat by as the deadline for discovery passed, and then–eight weeks later–asked the Court for another extension. Therefore, Plaintiff's motion will be denied.

    **B.    April 23, 2010 Motion to Compel Discovery**

On April 23, 2010, while the present motion for extension of time was still pending before this Court, Plaintiff filed a motion to compel discovery. (See Doc. No. 50.) In this more

---

[1] Indeed, if Plaintiff sought to exceed the deposition limit set by the Federal Rules of Civil Procedure, it was incumbent upon her to apply for an exception pursuant to the Case Management Order. (See Doc. No. 19 at 3.)

recent motion, Plaintiff seeks to renew the third motion to complete discovery, (id. ¶ 6), and to compel the depositions of several witnesses under Rule 56(f) of the Federal Rules of Civil Procedure. (Id. ¶ 7.)

The Third Circuit has "interpreted Rule 56(f) as imposing a requirement that a party seeking further discovery in response to a summary judgment motion submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." Dowling v. City of Phila., 855 F.2d 136, 139-40 (3d Cir. 1988). Here, Plaintiff has not attached an affidavit to the motion to compel, "and therefore, as a procedural matter alone, she has failed to comply with the rule." Id. at 140. Even if the Court were to treat Plaintiff's motion to compel as a Rule 56(f) affidavit, the Court finds that it provides an insufficient basis for the Court to grant Plaintiff's request. Rule 56(f) is aimed primarily at ensuring that a party has "an opportunity to make full discovery" and is not "railroaded" by a premature motion for summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 326 (1986). The present case is not one in which Plaintiff has been refused an opportunity for full discovery. See, e.g., Doe v. Abington Friends Sch., 480 F.3d 252, 254-59 (3d Cir. 2007) (vacating summary judgment where plaintiffs were not allowed any discovery at outset of case into the factual basis of religious exemption that served as basis of dismissal). Rather, Plaintiff was given ample time for discovery yet she and her attorney failed to utilize it. See Koplove v. Ford Motor Co., 795 F.2d 15, 18 (3d Cir. 1986) ("'[A] request for relief under Rule 56(f) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery.'") (quoting 10A C. Wright, A. Miller, M. Kane, Federal Practice and Procedure § 2741 at 553 (1983)). Therefore, Plaintiff's motion will be denied.

**ACCORDINGLY**, on this 5th day of May 2010, **IT IS HEREBY ORDERED THAT** Plaintiff's motions for an extension of time to complete discovery (Doc. No. 38) and to compel discovery (Doc. No. 50) are **DENIED**.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania